## THOMAS GARRISON v. THOMAS H. PEARCE.

In an action for a malicious prosecution, if want of probable cause is shown, malice may be inferred; express malice need not be proved.

If a party is kept in prison for any period, however short, without probable cause, the law presumes that he sustains damages.

Special damage need not, in such case, be averred nor proved.

Whether the defendant had probable cause or not for the prosecution, is a question for the court, when the facts are not disputed.

And when the facts are in dispute, it becomes a question of law and fact, upon which the jury must pass upon the questions of fact under instructions from the court respecting the rules of law applicable to the subject declaring what facts constitute probable cause.

In reviewing the charge made by a justice in submitting a case to a jury in one of the lower courts, this court is controlled by the return in determining what instructions the charge contained.

ACTION for a malicious prosecution. The defendant, being the chief clerk in a store from which goods were supposed to have been stolen, suspected the plaintiff of the alleged theft, and made, to a committing magistrate, or to some other officer, such application or communication as led to the plaintiff's arrest, upon a charge of grand larceny. He also accompanied an officer who searched the plaintiff's house for the lost articles.

The plaintiff was committed, and his imprisonment continued for upwards of twenty-four hours, when he was discharged by a police justice upon the failure of any person to appear against him.

The cause was tried in the Marine Court, before a jury. The

evidence, as certified in the return, failed to show express malice on the part of the defendant. On the contrary, while it would seem that the plaintiff had been unjustly accused, it appeared that some apparent circumstances of suspicion had existed against him; but not, in the opinion of the jury—as indicated by their verdict—sufficient to amount to a "probable cause" for the prosecution. The plaintiff proved no special damage resulting from the imprisonment.

At the close of the plaintiff's testimony, the defendant's counsel moved for a nonsuit, upon the grounds, 1, That no act had been proved to charge the defendant with the prosecution of the plaintiff; and 2, That malice, on the part of the defendant, had not, as matter of fact, been shown. The motion was denied.

The case proceeded, and was submitted to the jury. As the charge of the justice, in the court below, is discussed in the opinion, not only in respect to some portions thereof, but also as a whole, it is inserted in full, with some immaterial and merely verbal condensations. It was delivered by Mr. Alfred A. Thompson, and is as follows:

"It is incumbent on the plaintiff to show that the defendant arrested him, or procured his arrest, and that he did this maliciously and without probable cause. Although other persons aided or abetted the defendant in thus causing the plaintiff's arrest, and may be liable equally with him for damages, that will not vary his liability in this action. Whether the defendant did actually procure the plaintiff's arrest, is a question of fact for you to determine upon the evidence.

"Although the question of want of probable cause is often a question of law, to be decided by the court upon the evidence, yet in many cases, as in this case, it is a mixed question of law and of fact to be determined by the jury upon all the facts in evidence in the cause.

"Greenleaf states the law upon this subject in these words: he says, 'The question of probable cause is composed of law and fact; it being the province of the jury to determine whether the circumstances alleged are true or not; and of the

Garrison v. Pearce.

court to determine whether they amount to probable cause. 'But if the matter of fact and matter of law, of which the probable cause consists, are intimately blended together, the judge will be warranted in leaving the question to the jury.' (a) Probable cause, where this action is based upon a criminal prosecution, consists of such knowledge and circumstances of suspicion as would lead a discreet, cautious man, after such inquiry as the case would reasonably admit of, to believe that the party was guilty of the offence laid to his charge. In order to warrant a prosecution in procuring the arrest of a supposed offender, he must be cautious, however, not merely with respect to himself, but with respect to the rights and feelings of other men. His caution must not be directed alone to the protection of his own property, or that of his employer, from suspected depredations, but it must be exercised in a just discrimination of the objects of his suspicion.

"Upon this subject, the same author speaks as follows : 'The discharge of the plaintiff, by the examining magistrate, is *primâ facie* evidence of the want of probable cause, sufficient to throw upon the defendant the burden of proving the contrary. 'But, in ordinary cases, it will not be sufficient to show that the plaintiff was acquitted of an indictment by reason of the non-appearance of the defendant, who was the prosecutor; nor, that the defendant, after instituting a prosecution, did not proceed with it; nor, that the grand jury returned the bill, not found. 'Nor will the possession of goods, supposed to have been stolen, afford sufficient probable cause for prosecuting the possessor, if no inquiry was made of him, nor any opportunity given him to explain how his possession was acquired. * * 'And, on the other hand, the fact that the party's goods have not been stolen, but were accidentally mislaid, will not alone establish the want of probable cause for prosecuting one as having stolen them. 'Probable cause does not depend on the actual state of the case, in point of fact, but upon the honest and reasonable belief of the party prosecuting.' (b) It must

(a) 2 Greenlf. Ev. 370, § 154.     (b) Ib. 371; § 455.

Garrison *v.* Pearce.

appear that the defendant knew of the existence of those facts which tended to show reasonable and probable cause, and also that'he believed that the facts amounted to the offence which he charged; because, otherwise, he will have made them the pretext for prosecution without even entertaining the opinion that he had a right to prosecute. And, whether he did so believe, or not, is rather a fact to be found by the jury, than an inference of law to be made by the judge, to whom only the legal effects of the facts are properly referred. Yet, if this belief, however confident and strong, was induced by the prosecutor's own error, mistake, or negligence, without any occasion for suspicion given by the party prosecuted, it will not amount to probable cause.

" You are to determine upon the evidence on the question of probable cause, with reference to the principles of law thus stated to you.

" With respect to malice, it is not necessary that the plaintiff should show threats of the defendant, or expressions, or other specific manifestations of malice on his part. It is enough if all his conduct together betrayed a disregard of the rights and just sensibilities of the plaintiff.

"In case you should find for the plaintiff, you are next to determine the question of damages. There is no foundation whatever for the intimation of the counsel for the defendant, that, as the wages of a porter in a store—such being the occupation of the plaintiff—are not more than two dollars a day, you are to estimate the damages in this case by the actual loss of wages suffered by the imprisonment. This is very far from being the rule by which you are to give damages in this case, if you give them at all. The damage which a plaintiff suffers in such a case is not limited to the mere direct pecuniary loss. That may be one element of the computation, but only one.

"The plaintiff is entitled to indemnity for the peril occasioned to him, in regard to his liberty, for the injury to his reputation, his feelings, and his person, and for all the expense to which he necessarily has been subjected. Such remuneration is to be determined by you upon the evidence, and the

Garrison *v.* Pearce.

amount is to be regulated by your sound discretion. The circumstances of suspicion in the case, although you should find that they were not sufficient to justify the defendant in his proceedings, may still be taken into consideration by you in mitigation of damages."

The defendant's counsel requested the judge to charge the jury that the plaintiff was bound to prove express malice. The justice charged "that the jury might infer malice from all the facts and circumstances, and from want of probable cause."

The jury found a verdict against the defendant for one hundred dollars. The questions discussed on the appeal arose upon an exception to the refusal to nonsuit, and upon objections to the charge. The appellant also impeached the verdict as against the weight of evidence.

*Charles A. May*, for the defendant.

*Isaac Dayton*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—In this case I am much inclined to think that had I been sitting as a juror I should have deemed the proofs sufficient to justify all the agency which the defendant had in causing the arrest of the plaintiff. But that is no reason for disturbing the verdict of a jury who with all the witnesses in person before them, and upon some conflict of testimony, without a very great preponderance of evidence on either side, arrived at a different result. This disposes of most of the grounds urged in argument for a reversal.

The errors in law alleged are: First. That a nonsuit should have been ordered for the want of proof that the defendant caused the plaintiff's arrest; and for the want of proof of express malice. It seems to me that there was no deficiency of proof that the arrest was procured by the defendant. On the contrary, however pure his motives were, it does not appear doubtful that he was the sole actor in setting the machinery of the law in motion, and made the complaint which afterwards proved groundless, and himself accompanied the officer

in search of the stolen property to the defendant's apartments. *Primâ facie*, he caused the arrest and was put to his justification. As to want of proof of express malice, it must suffice to say that where there is an entire want of probable cause, malice may be inferred, and express malice need not be affirmatively shown. Whether probable cause was shown or not sufficiently to warrant the refusal to nonsuit, seems not to be a point raised on the motion for the nonsuit—it was however discussed under exception to the charge, and will be presently shown.

Second. The second alleged error is that the judge refused to charge the jury that " plaintiff must show express malice." In this, as above stated, there was no error. If there was no probable cause, the defendant was liable without proof of any other malice than such as was inferrible from the entire absence of any probable cause of arrest. The jury had a right in such case to infer malice.

Third. The court are in the argument of the counsel assumed to have charged that " the jury could not fully compensate the plaintiff if they found there was a want of probable cause." I find nothing like this in the charge, and these words would not be very intelligible if they were contained in it. So far as I can discover it was in the defendant's favor the error was committed, if it was an error ; but it does not appear in the return, and by that we are governed.

Fourth. The same may be said of the fourth error alleged in the notice of appeal, that the court refused to charge that there was no evidence tending to show that the defendant had made any charge against the plaintiff. No request or refusal of this kind is to be found in the charge as returned to us.

Fifth. It is urged that " the verdict is against the weight of the evidence, there being no evidence proving damage to have been sustained by the plaintiff." In addition to what I have above remarked on the subject of the preponderance of the evidence, it is only necessary to add, further, that in the action on the case for a malicious prosecution, it is not necessary either to allege or prove special damage ; and if the plaintiff

was arrested without probable cause, and imprisoned from one o'clock of one day until three or four o'clock of the next, the law implied damage, and the amount was properly left to be assessed by the jury in view of all the circumstances of aggravation or mitigation.

It is argued by the counsel for the appellant, that the plaintiff failed to show affirmatively the want of probable cause, and also that the judge erred in charging the jury that they were to pass on the question of law and of fact, as to whether there was probable cause for the arrest.

Neither of these points is assigned as error in the notice of appeal, and in strictness the respondent has a right to require that the argument should be confined to those points, and yet they are very closely connected with the question whether proof of express malice was necessary, for if there was no sufficient evidence of want of probable cause, then certainly without proof of express malice the plaintiff could not recover. The rule of law insisted upon is, no doubt, settled in this state. (*Buckley* v. *Smith*, 2 Selden, 384; 2 Duer, 262.) The plaintiff in this action must show that he was arrested without probable cause, and what facts constitute probable cause is a question for the court; but we cannot say upon the evidence before us that the plaintiff did not affirmatively prove the want of probable cause. Even if it was not sufficiently shown when the motion for a nonsuit was made, the evidence subsequently given, rendered it proper to submit the proofs to the jury. There were, it was true, some circumstances pointing to the plaintiff as the guilty party, but they were very slight; they could, and no doubt would have been explained fully if any inquiry had been made; and as before remarked, although I might have found as a juror under all the circumstances that the defendant was justified, *i. e.* had probable cause of suspicion, the finding is not without evidence to support it.

Again, I do not understand by the return that the judge improperly left the question of law to the jury. It is true that he read from Mr. Greenleaf's Evidence some passages which appear to tend to that result, but then he defined probable cause as

matter of law, and instructed them in substance that in order to find a justification they must find such knowledge and circumstances of suspicion as would lead a discreet, cautious man, after such inquiry as the case could reasonably admit of, to believe that the party was guilty of the offence laid to his charge. This he fully explained and enlarged upon, and taking the whole charge together, we do not perceive that in its scope and bearing in this particular, it was erroneous or could have misled the jury; and I may add that no exception was taken to the charge in that respect at the trial, nor was the attention of the judge called to the question whether his charge could be taken as a leaving of the question of law to the jury, so that he might explain himself more fully.

Although upon an examination of the whole evidence, I feel some reluctance, because the defendant suffers pretty severely for what was, no doubt, a mistake on his part, without any deliberate design to injure the plaintiff without cause, I am constrained to conclude that the judgment must be affirmed, and as we have no discretion on the subject of costs in such case, it must be affirmed with costs.

Judgment affirmed with costs.